**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| CHARLES D. WALKER,<br><br>Plaintiff,<br><br>vs.<br><br>AMERIGAS PROPANE, L.P.,<br><br>Defendant. | Case No.: 2:26-cv-726 (EEF) (DPC)<br><br>**SUPPLEMENTAL DECLARATION OF EMANUEL KATAEV, ESQ. IN FURTHER SUPPORT OF MOTION FOR ADMISSION *PRO HAC VICE*** |

I, **EMANUEL KATAEV, ESQ.**, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I serve as General Counsel and Of Counsel to Consumer Attorneys PLLC and am the managing member of Sage Legal LLC, counsel for Plaintiff Charles D. Walker in this case

2. I respectfully submit this Declaration in connection with my application for admission *pro hac vice* before this Court.

3. I am a member in good standing of the jurisdictions in which I am admitted to practice, namely, New York, New Jersey, and Connecticut.

4. I have never been the subject of disciplinary proceedings, disciplinary action, suspension, or disbarment by any court, bar association, grievance committee, or other attorney disciplinary authority.

5. No criminal charges are currently filed against me, but I have been the subject of criminal charges in the past; a summary of each follows and is incorporated by reference herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 20, 2026, in Punta Cana, Dominican Republic.

*/s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.

**Date of incident:** 4-2006
**Location of incident (city/state)**: New York, New York
**Law Enforcement Agency:** New York Police Department (NYPD) / District Attorney of the County of New York
**Address:** One Hogan Place
**City:** New York
**State/Province:** NY
**Zip/Postal Code:** 10013
**Country:** United States of America
**Telephone:** (212) 335-9000
**Charge(s) at time of arrest / citation.** New York Penal Law § 221.10(1) (Unlawful possession of marihuana in the first degree)
**Citation Number:** M06630135

**Detailed description of incident:**

On April 15, 2006, I went out with my friends who brought along their friends - whom I was not acquainted with until that evening - to a nightclub In Manhattan. I was picked up from my house and we met with two other cars in Queens. Upon arriving, and after parking, one of the guys from the other car took out a marijuana cigarette. He lit It and started smoking, walking under the scaffolding of a building towards the nightclub a couple blocks away. When I realized he was smoking marijuana, I immediately distanced myself from him. I thought he was crazy for what he was doing out on the street. Walking far behind the rest, I watched as he passed it around to two other friends of his who also smoked. While one of the guys in front was crossing the street, two men in plain clothes came up to our group Identifying themselves as police officers. They told us to stand against the wall with our hands up. All of us were searched individually and nothing was found except for the marijuana cigarette on one of the people I did not know. A police officer confiscated the cigarette while another handcuffed me and two others. I was mistakenly taken because they thought I was one of the three who had smoked marijuana. I did not know what to say because it had all happened so fast. I knew the police officers would not take my word for it and half the people with me were strangers who most likely would not vouch for me. I was released later that night with a Desk Appearance Ticket. I took many steps to prepare for my desk appearance, which was scheduled a month from the date of arrest. I prepared a file containing my most recent report card, placing me on the Honor Roll at high school along with my college acceptance letters. I had a friend drive me to a laboratory to get a drug test to prove that I do not use drugs. I even prepared a speech so that I could explain to the Judge. Upon arriving at the courthouse, the bailiff told me that the District Attorney was not ready to prosecute but had the right to do so within ninety days. I was sent home. Approximately ninety days later, I received an official letter from the District Attorney declining to prosecute. The arrest was a traumatic experience for me. I did nothing wrong; I was at the wrong place at the wrong time, and I paid dearly for it. I maintain my innocence in this matter. I have stopped associating with the people I went out with that night, and am more careful about whom I befriend.

**Date of incident** 7-2018
**Location of incident (city/state)** Garden City, New York
**Law Enforcement Agency** Garden City Police Department
**Address** 349 Stewart Avenue
**City** Garden City
**State/Province** NY
**Zip/Postal Code** 11530
**Country** United States of America
**Telephone** (516) 465-4100
**Charge(s) at time of arrest / citation.** Two (2) counts of criminal mischief in the third degree, New York Penal Law § 145.05.
**Citation Number(s):** CR-019845-18NA & CR-019846-18NA

**Detailed description of incident**

My soon-to-be-ex-wife at the time and I own a home together since September 2015. We separated in January 2018 and I visited the marital residence daily to see our two children and pick up mail. On the day in question, I came to pick up mail and only her nanny was home while the children were at school and she was at work. I learned that she had placed the mail in our bedroom and put a lock on the bedroom door after previously removing a lock in March 2018 and asking her not to place a lock on the bedroom door. I removed the lock once more to retrieve my mail and, after learning that the police were searching for me to make an arrest over this incident, I surrendered myself. The two (2) charges, both of which were Class E felonies, were resolved as follows: the first charge was dismissed, and the second was pled down to disorderly conduct, New York Penal Law § 240.20(7), which is a violation and not a crime.

**Date of incident :**11-2021
**Location of incident (city/state):** Great Neck, New York
**Law Enforcement Agency:** Nassau County Police Department
**Address:** 100 Community Drive
**City:** Manhasset
**State/Province:** NY
**Zip/Postal Code:** 11030
**Country:** United States of America
**Telephone:** (516) 573-6600
**Charge(s) at time of arrest / citation.** One (1) counts of criminal mischief in the second degree, New York Penal Law § 145.10.
**Citation Number:** CR-018637-21NA

**Detailed description of incident**

The Board President in the condominium building I live in stole my personal shopping cart which was stored in the garage between my two parking spots. I use the shopping cart to transport my children's clothes, schoolbags, and other items when I have them over for visitation. I have equal visitation with my two daughters and they stay over every Tuesday evening through Thursday morning and every other weekend from Friday evening to Monday morning. In a flash of anger and impulsivity over having my property stolen, I rolled a community shopping cart into the Board President's vehicle when she was not present in the garage. The impact caused minor scratches on the vehicle. I took responsibility by surrendering to the police, paying restitution for a brand new bumper in excess of $2,000.00, and voluntarily attending an anger management course. Although the complaining victim obtained an Order of protection against me and attempted to utilize same to force me to move from my apartment, I remained and have lived there without incident since the foregoing events over three (3) years ago. The charges, which was a Class D-F felony, was pled down to disorderly conduct, New York Penal Law § 240.20(7), which is a violation and not a crime.