**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES D. WALKER** | |
| **Plaintiff** | **CIVIL ACTION NO.: 2:26-cv-00726-EEF-DPC** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **AMERIGAS PROPANE, L.P.** | |
| **Defendant** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF RULE 12(B)(6) MOTION TO DISMISS AND/OR RULE 12(E) MOTION FOR MORE DEFINITE STATEMENT**

Defendant, AmeriGas Propane, Inc. ("AmeriGas" or "Defendant"), submits this Reply Memorandum in Support of its Rule 12(b)(6) Motion to Dismiss and/or Rule 12(e) Motion for More Definite Statement. Defendant offers this Reply in response to Plaintiff's Memorandum in Opposition to Defendant's Motion (R. Doc. 10).

Plaintiff's Complaint (R. Doc. 1) asserts disability discrimination, retaliation, and interference under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"). But Plaintiff's April 11, 2024 Charge of Discrimination ("EEOC Charge") governing the claims Plaintiff can pursue in this lawsuit fails to identify a disability, referring vaguely to a "condition" without any information on its symptoms or its impairment of Plaintiff's life activities or essential job functions. Plaintiff's Complaint should be dismissed for failure to administratively exhaust any claim for this reason. The EEOC Charge further fails to allege any protected activity causally linked to an adverse employment action or any coercion, intimidation, or interference with ADA rights, providing an independent basis to dismiss Plaintiff's second cause of action (Retaliation) and third cause of action (Interference). Even further, the Complaint includes non-actionable allegations that either (1) occurred before the June 16, 2023, 300-day lookback deadline

for Plaintiff's EEOC Charge, or (2) are not included and would not reasonably grow from an investigation of the Charge. Thus, Plaintiff's entire Complaint should be dismissed for failure to administratively exhaust any claim.

In the alternative, Plaintiff's claims substantively fail because the Complaint lacks sufficient factual detail and fails to identify which allegations support its three distinct causes of action. Plaintiff's request for leave to amend should be denied because Plaintiff's Opposition offers no facts to cure the Complaint's deficient claims, and leave to assert time-barred causes of action is futile.

## I. <u>Plaintiff's Concessions</u>

### a. Plaintiff's EEOC Charge Fails to Allege a Disability or Facts Supporting Any Retaliation or Interference Claim.

Plaintiff's Opposition admits the EEOC Charge fails to identify an impairment substantially limiting one or more major life activities or Plaintiff being regarded as having such an impairment. 42 U.S.C. § 12102(1); (R. Doc. 7-5, EEOC Charge). Plaintiff's Opposition identifies zero allegations in the Charge identifying the alleged "condition," its limitations on any major life activity, or describing any facts that would put Defendant or the EEOC on notice of a disability. The Opposition only argues a Charge need not identify a specific medical condition and that an investigation of the Charge would determine whether the "condition" amounted to a disability. (R. Doc. 10, p. 2, p. 7). Similarly, recognizing the EEOC Charge lacks allegations of ADA retaliation or interference, Plaintiff's Opposition impermissibly relies on the Court straining to find that "[t]he legal theory of retaliation is a permissible characterization of the consequences already stated in the charge" and that "[t]he interference count . . . does not depend on a new factual episode omitted from the charge." (R. Doc. 10, p. 9). *Mitchell v. Crescent River Port Pilots Ass'n*, 515 F. Supp. 2d 666, 669 (E.D. La. 2007) ("The court need not, however, 'strain to find inferences

favorable to the plaintiffs'")(citation omitted). The Opposition's reliance on conclusory statements about the scope of the Charge does not save the Charge's wholesale failure to allege any facts hinting at retaliation for engaging in any protected activity or any interference with rights under the ADA. The Charge fails to put the EEOC or Defendant on notice of a retaliation or interference claim, so Plaintiff has not exhausted the statutory requirement to pursue retaliation and interference claims in this lawsuit. Plaintiff's Opposition relies on the Court inferring this information from the Charge, which is insufficient.

**b. Complaint Allegations Omitted from Plaintiff's EEOC Charge are Time-Barred and Not Actionable.**

Plaintiff's Opposition does not dispute that his April 11, 2024 EEOC Charge identifies the earliest date of discrimination as December 1, 2023 and the latest date as December 12, 2023. Under express statutory limitations, the 300-day lookback period for Plaintiff's EEOC Charge only extends to June 16, 2023. 42 U.S.C. § 2000e–5(e)(1). As Defendant's Motion explains, the Complaint's allegations of harassment, retaliation, and interference by Plaintiff's manager James Richardson occurring in April and May 2023 are time-barred because they occurred over 300 days before Plaintiff filed his EEOC Charge. Further, the Complaint includes allegations that Plaintiff attempted to engage in the interactive process and subsequently received negative performance reports on an unidentified date in June 2023 that do not appear in the Charge.

Conceding the untimeliness of Complaint allegations occurring prior to June 16, 2023, Plaintiff's Opposition argues "[t]he March-through-May events remain relevant even if no separate damages may be recovered for an independently untimely act," and alternatively that the continuing violations doctrine extends the limitations period on these otherwise time barred claims. (R. Doc. 10, p. 2). As discussed in detail below, relevant or not, these allegations in the Complaint cannot support Plaintiff's ADA retaliation and interference claims because they are not within the

scope of the Charge. *Bouvier v. Northrup Grumman Ship Sys., Inc.*, 350 F. App'x. 917, 921-922 (5th Cir. 2009)("Although [Plaintiff] filed a sex discrimination charge with the EEOC, she never referenced a possible claim for retaliation. While this court will read the EEO charge somewhat broadly to determine what EEOC investigations it can reasonably be expected to trigger, [Plaintiff's] failure to reference retaliation in the EEO charge defeats her retaliation claim."). Even if Plaintiff's allegations of unlawful conduct occurring prior to June 16, 2023 had been included in the Charge, they occurred over 300 days before Plaintiff filed the EEOC Charge and are thus nonactionable. *Patton v. Jacobs Engineering Group, Inc.*, 874 F.3d 437, 443 (5th Cir. 2017) (citations omitted); 42 U.S.C. § 2000e–5(e)(1). Further, as shown below, the continuing violations doctrine does not save Plaintiff's time-barred retaliation and interference claims.

**II. Plaintiff's Failure to Exhaust Administrative Remedies Warrants Dismissal for Failure to Comply with Mandatory Claim-Processing Requirements.**

Plaintiff's EEOC Charge alleging neither the existence of a disability nor any facts alleging ADA retaliation or interference justifies dismissal because Plaintiff has failed to exhaust his ADA claims in their entirety, failing to comply with a mandatory claim-processing rule. *See Jones v. City of Dallas, Texas*, 2024 WL 3207030, at *5-6 (N.D. Tex. 2024) (plaintiff's failure to include facts regarding her disability resulted in dismissal for failure to exhaust administrative remedies).

Dismissal is appropriate on this basis despite Plaintiff's Opposition distinguishing exhaustion of administrative remedies as a claim-processing requirement rather than a limit on this Court's subject-matter jurisdiction. *Fort Bend Cty. v. Davis*, 587 U.S. 541, 549 (2019)("A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party 'properly raise[s]' it.")(citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Plaintiff's argument that exhaustion is not a limit on this Court's subject matter jurisdiction is immaterial because Defendant properly raised the exhaustion rule in a timely filed Motion to Dismiss. *See,*

*e.g., Okpalobi v. UPS*, 2025 WL 1115709, at *8 (E.D. La. Apr. 15, 2025)(Rule 12(b)(6) dismissal of Title VII claims for failure to exhaust); *Adams v. Acadiana*, 2024 U.S. Dist. LEXIS 46548, at *9 (W.D. La. Feb. 28, 2024)(same); *Shaw v. Ciox Health, LLC*, 2020 U.S. Dist. LEXIS 261395, at *6 (E.D. La. July 8, 2020)("Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust administrative remedies.").

## III. Alternatively, Dismissal is Appropriate Because Plaintiff Fails to Plausibly Allege any ADA Claim.

Plaintiff's Opposition to Defendant's Motion contains unsupported conclusory statements and doubles down on the Complaint's deficient allegations that fail to adequately plead the essential elements of Plaintiff's claims.

### a. Plaintiff Has Failed to State Any Plausible Claims for Relief Under the ADA.

As set forth in Defendant's Motion, Plaintiff's Complaint fails to plausibly plead discrimination, retaliation, or interference under the ADA. Plaintiff's three causes of action simply incorporate the conclusory allegations of the Complaint by reference, recite the applicable provision of the ADA, and each state: "Defendant violated this section as set herein." (R. Doc. 1, ¶¶ 70-72, 73-76, 77-80).

Plaintiff's First Cause of Action (Discrimination) fails to allege facts showing whether the Complaint alleges a failure-to-accommodate claim, a harassment claim, or a disparate treatment discrimination claim, all of which have distinct pleading requirements and implicate different defenses. The Complaint states Plaintiff suffered harassment and unfair treatment, but aside from an alleged constructive termination, the Complaint is devoid of factual detail of similarly situated comparators or unlawful disparate treatment supporting any cause of action for discrimination. Further, the Complaint includes zero specific acts or omissions constituting the alleged discrimination, the alleged adverse employment action(s) that forms the basis of the discrimination

claim, the identity of the decisionmaker(s) responsible for the discriminatory act(s), or the date(s) on which the allegedly discriminatory act(s) occurred. A plaintiff must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [their] case plausible," but the Complaint fails to do so. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019)(citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)).

Plaintiff's Second Cause of Action (Retaliation) likewise fails to allege facts supporting essential elements. At most, the Complaint alleges Plaintiff informed Defendant he could not perform the essential functions of the job and as a result, Plaintiff's employment ended. Plaintiff cannot maintain an ADA retaliation claim because the Complaint includes no factual detail on (1) engagement in protected activity under the ADA; (2) an adverse employment action; or (3) a causal connection between the protected activity and the adverse employment action. *Strife v. Aldine Independent School Dist.*, 138 F.4th 237, 249 (5th Cir. 2025). To the extent Plaintiff's retaliation claim is based on negative performance reviews received in June 2023, Plaintiff failed to exhaust his administrative remedies as to those allegations because they do not appear anywhere in the EEOC Charge. The Charge fails to even "describe the general nature of" Plaintiff's retaliation claim because it acknowledges Plaintiff's employment ended because he advised AmeriGas he could not perform the duties of his position.

Plaintiff's Third Cause of Action (Interference) requires Plaintiff to allege facts showing: (1) Defendant coerced, intimidated, threatened, or interfered with; (2) on the basis of Plaintiff's exercise or enjoyment, or having exercised or enjoyed; (3) any right protected under the ADA. *Strife*, 138 F.4th at 251. Plaintiff's ADA interference tacked on to the Complaint in Paragraphs 77 through 80 is only a formulaic recitation of the anti-interference provision of the ADA. Plaintiff states, without detail, that "Defendant violated this section as set forth herein." The Complaint

does not identify which facts, if any, support his interference claim, or what employment action(s) constitute coercion, intimidation, or interference. While Plaintiff alleges manager James Richardson asked Plaintiff for updates on his condition, and "demanded" Plaintiff go back to his doctor for an update, allegations that Defendant engaged in the interactive process as required by the ADA cannot support an interference claim. *See Strife*, 138 F.4th at 252 ("it would accordingly be difficult to construe [defendant's] continued engagement in an interactive process designed to secure [plaintiff's] requested accommodation as 'interference' in violation of the ADA."). And, similarly to the retaliation claim, nothing in Plaintiff's EEOC Charge can be construed as "interference" as contemplated by the ADA.

**b. Plaintiff's Request for Leave to Amend Should be Denied.**

"Decisions concerning motions to amend are entrusted to the sound discretion of the district court." *Jones v. Robinson Property Grp., L.P.,* 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks and citation omitted). The Fifth Circuit has cautioned that leave to amend is not automatic. *See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014); *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 291 (5th Cir. 2006) (citation omitted). Instead, district courts consider factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment." *Marucci*, 751 F.3d at 378 (citation omitted).

For example, in *Mandujano v. City of Pharr, Texas*, the Fifth Circuit held that the district court did not abuse its discretion in denying a plaintiff's request for leave to amend because "leave may be denied where, as here, the movant insisted his complaint sufficed to state a claim and 'fail[ed] to apprise the district court of the facts that he would plead in an amended complaint, if

necessary, to cure any deficiencies.'" 786 Fed.Appx. 434, 437 (5th Cir. 2019). Nothing in Plaintiff's Opposition suggests Plaintiff would cure the substantive deficiencies with the Complaint as Plaintiff has not provided any new or additional facts regarding his claims. Plaintiff should not be permitted to file an Amended Complaint that "maps factual paragraphs to each count" when Plaintiff has not even attempted to do so in his Opposition, and the factual paragraphs in question do not provide sufficient detail to support the legal theories asserted in any count. Plaintiff's request for leave to amend should be denied.

**c. If Plaintiff Receives Leave to Amend, Amendment is Futile as to Plaintiff's Time-Barred ADA Retaliation and Interference Claims.**

If Plaintiff is granted leave to amend, amendment of the Complaint should be limited to clarifying his theory of liability for discrimination, attaching or quoting the charge, and pleading facts that could reasonably be expected to grow out of his EEOC Charge that support his First Cause of Action (Discrimination). Any amendment relating to Plaintiff's ADA retaliation or interference claims is futile because Plaintiff's failure to allege ***any*** facts supporting those claims in the EEOC Charge bars the claims for failure to exhaust administrative remedies as explained in Section II above. Further, amendment is futile to the extent any of Plaintiff's claims are based on events or conduct occurring prior to June 16, 2023.

Contrary to Plaintiff's assertions in footnote 2 of the Opposition, the continuing violation doctrine does not apply because Plaintiff's retaliation and interference claims are necessarily based on separate acts than the discrimination claim. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009)("This 'continuing violation' doctrine is limited . . .First, the plaintiff must demonstrate that the 'separate acts' are related, or else there is no single violation that encompasses the earlier acts. Second, the violation must be continuing; intervening action by the employer, among other things, will sever the acts that preceded it from those subsequent to it, precluding

liability for preceding acts outside the filing window.'").

Plaintiff's Opposition asserts the bald legal conclusion that "the conduct complained of deals with Walker's request for an accommodation and extended over a period of time. Since all of the allegations deal with this same request, the continuing violations doctrine applies." (R. Doc. 10, p. 2, fn. 2). But for ADA claims, the continuing violations doctrine requires more than vague allegations that the complained of conduct all relates to a requested accommodation. Plaintiff cannot rely on the continuing violations doctrine to aggregate a series of separate, related discrete acts into a single continuous practice to rescue older, untimely claims. *Rae v. Woburn Pub. Sch.*, 113 F.4th 86, 105 (1st Cir. 2024)("a plaintiff may not disguise discrete acts of retaliation as a single retaliatory harassment claim comprised of temporally distant conduct, multiple forms of protected activity undertaken for various purposes, and several discrete adverse actions.").

**IV. Conclusion.**

The arguments, authorities and pleadings establish Plaintiff cannot state a claim for which relief can be granted and dismissal is proper under Rule 12(b)(6). To the extent Plaintiff's claims survive dismissal, which they should not, amendment should be limited to clarification of Plaintiff's ADA discrimination claim.

Respectfully submitted,

/s/ *Hal D. Ungar*

Hal D. Ungar, La. Bar No. 31344
Sara Grace Sirera, La. Bar No. 38405
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504.648.3840
Facsimile: 504.648.3859
Email: hal.ungar@ogletreedeakins.com
sara.sirera@ogletreedeakins.com

*Attorneys for Defendant, AmeriGas Propane, L.P.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a copy of the foregoing has been served on all counsel of record via the Court's Electronic Filing System.

This 25th day of August, 2026.

*/s/ Hal D. Ungar*
HAL D. UNGAR