**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **CHARLES WALKER** | * | **CIVIL ACTION NO. 26-726** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **AMERIGAS PROPANE, LP** | * | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

* * * * * * * *

**ORDER & REASONS**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or a Motion for a More Definite Statement pursuant to Rule 12(e) filed by Defendant AmeriGas Propane, LP ("AmeriGas"). R. Doc. 7-1. Plaintiff Charles Walker opposes the Motion. R. Doc. 10. AmeriGas replied. R. Doc. 15. After considering the record, briefing, and applicable law, the Court rules as follows:

## I. BACKGROUND

Plaintiff Charles Walker is a commercial truck driver, previously employed by Defendant AmeriGas. R. Doc. 1 at 2. In March 2023, Walker was diagnosed with acrophobia, a condition characterized by a fear of heights. *Id.* at 3. Walker requested AmeriGas accommodate his condition by altering his assigned driving routes to avoid high bridges. *Id.* at 7. AmeriGas initially complied with this request. *Id.* at 3.

Sometime between May and June 2023, AmeriGas began directing Walker to make deliveries across the Mississippi River Bridge in contravention of Walker's accommodation. *Id.* at 4. Walker represents that he repeatedly raised his need for flat routes, but ultimately complied with AmeriGas's instruction out of a "fear of retaliation and lack of job security." *Id.* Walker avers that AmeriGas also began instructing him to skip certain stops on his routes that were only accessible

by high bridges. *Id.* This resulted in Walker receiving negative performance reviews for incomplete stops. *Id.* Walker further alleges that AmeriGas Manager James Richardson began harassing him by incessantly asking for updates on his condition. *Id.* at 4. This harassment "pressured" Walker to pursue additional doctor's visits which were "not [] necessary" and "required a $40.00 copayment." *Id.* at 4.

At some point between October and November 2023, AmeriGas asked Walker to submit another accommodation request and provide updated medical documentation. *Id.* at 4–5. AmeriGas subsequently declined Walker's accommodation request. *Id.* at 5. In December 2023, AmeriGas Human Resource representative Darlene Tyson informed Walker that he needed to either resume full duties or resign. *Id.* Walker told Tyson that his condition continued to limit his ability to drive over high bridges, and that he could not resume a standard route. *Id.* Tyson responded that Walker's remarks would be considered a resignation. *Id.* at 6.

Walker filed an administrative charge with the EEOC on April 11, 2024:

> I began my employment with the above Respondent on December 3, 2008, most recently as a Route Driver. Beginning December 2023, I was denied reasonable accommodations by James Michael Richardson (DM) and Darlene Tyson (H.R.). On December 12, 2023, I was discharged. The company employs over 100 persons.
>
> During my employment I provided doctor's notes to Mr. Richardson and to Yvonne Chanobe (Secretary) who placed the notes in my file. One of my accommodation requests was that I did not have to drive over high bridges because it exacerbated my condition. I was directed to request an accommodation through MetLife and after I did so, I was denied by AmeriGas via a letter in December 2023. Also, Mr. Richardson constantly asked me for an update on my condition and he ordered me to go back to my doctor. Each time I had to pay copayments that I could not afford. On December 12, 2023, Darlene Tyson called me and stated that they have a situation. They denied my accommodation through MetLife and I had to return to work full duty or resign. I informed her that I was not resigning. Ms. Tyson stated, "Well you are telling me that you cannot do your job so I will note that you resigned." I reiterated that I did not resign. I was never offered a leave of absence or a severance package. Also, I did not receive the rest of my vacation time that I earned for one year.

> I believe that I have been discriminated against based on my disability in violation of the Americans with Disabilities Act as amended.

R. Doc. 7-5 at 1–2. After receiving a right to sue letter, R. Doc. 1-3 at 4, Walker filed the instant action. Walker asserts claims for discrimination, retaliation, and interference under Title I of the Americans with Disabilities Act ("ADA"). R. Doc. 1 at 9.

## II. PRESENT MOTION

AmeriGas moves to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). R. Doc. 7-1 at 2. AmeriGas first argues that Walker failed to exhaust his administrative remedies because his administrative Charge did not specify his disability or state that AmeriGas knew about his disability, retaliated against him, or interfered with his rights under the ADA. *Id.* at 11–16. Next, AmeriGas maintains that claims predicated on acts occurring before June 16, 2023, are time barred because they occurred outside of the 300-day administrative filing window. *Id.* at 17. Finally, AmeriGas represents that Walker has failed to state a claim because his Complaint is devoid of specific facts rendering his discrimination, reasonable accommodation and retaliation claims plausible. *Id.* at 17–21.

Walker opposes the Motion. R. Doc. 10. First, Walker argues that his EEOC Charge provided enough detail to trigger an EEOC investigation into his present claims. *Id.* at 2, 7–9. Second, Walker maintains that, even if time barred, events occurring before June 1, 2023, are relevant background information. *Id.* at 9. Third, Walker maintains he has plausibly plead discrimination, retaliation, and interference. *Id.* at 10–16.

In reply, AmeriGas argues that Walker has insufficiently plead disparate treatment, noting that his Complaint lacks factual detail of similarly situated comparators or comparable evidence. R. Doc. 15 at 5.

## III. APPLICABLE LAW

**A. Administrative Exhaustion**

A plaintiff must exhaust their administrative remedies before filing an ADA claim in federal court. *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 443 (5th Cir. 2017). A plaintiff exhausts those remedies by filing a timely charge with the EEOC. *Id.* (citing 42 U.S.C. § 2000e–5(e)(1)). The charge should include "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3).

To satisfy the exhaustion requirement, a plaintiff's present claims must have been asserted in their EEOC charge or "fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 472 (5th Cir. 2016) (internal quotations omitted). Determining whether a claim might grow out of an administrative charge requires a "fact-intensive analysis" that looks "slightly beyond [the] four corners" of the charge to "substance rather than [] label." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006). Courts construe the charge liberally, mindful that most administrative complaints are filed *pro se*. *Id.* at 788. A plaintiff need not allege every element of a claim, *id.* at 792 ("Nor do we require, for purposes of exhaustion, that a plaintiff allege a prima face case before the EEOC."), but rather enough facts to prompt a reasonably diligent investigator to inquire into the claim. *See id.*

**B. Failure to State a Claim**

Fed. R. Civ. P. 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2008)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556. A claim is plausible on its face when the plaintiff has pled facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 570. Although a court must liberally construe the complaint in light most favorable to the plaintiff, accept the plaintiff's allegations as true, and draw all reasonable inferences in favor of the plaintiff, *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996), courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Co.*, 495 F.3d 228, 230 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

If a complaint fails to state a plausible claim, a district court should generally grant leave to amend under Fed. R. Civ. P. 15 before dismissing the action. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) ("[Rule 15] evinces a bias in favor of granting leave to amend. The policy of the Federal Rules is to permit liberal amendment . . ."). A court may deny leave, however, when amendment would be futile. *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016) (explaining that amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted").

## IV. ANALYSIS

Walker asserts discrimination, retaliation, and interference claims under the ADA. AmeriGas challenges these claims as unexhausted, untimely, and implausible.

### A. AmeriGas's Exhaustion Arguments with Respect to All Claims

AmeriGas first raises two arguments on the exhaustion issue that apply to all of Walker's claims. First, AmeriGas maintains that Walker's claims are unexhausted because his EEOC Charge does not identify his disability by name. R. Doc. 7-1 at 12. Second, AmeriGas argues that

the Charge is insufficient because it does not expressly establish AmeriGas's awareness of Walker's disability, as required to sustain a disability claim. *Id.*

In the Court's view, neither of these omissions are significant. While the Charge does not state Walker's diagnosis, it does indicate that he has a disability, R. Doc. 7-5 at 3 ("I have been discriminated against based on my disability . . .") that was exacerbated by heights, R. Doc. 7-5 at 1 ("One of my accommodation requests was that I did not have to drive over high bridges because it exacerbated my condition."). This is enough to give an EEOC investigator some sense of Walker's condition and trigger an investigation into disability-related discrimination.[1] Likewise, while the Charge does not explicitly state that AmeriGas knew about Walker's disability, it does state that Walker made a formal accommodation request which AmeriGas denied. *Id.* at 1. From this, AmeriGas's knowledge can be inferred.

**B. Limitations Period**

When an employment discrimination claim is brought in Louisiana, an employee has 300 days from the alleged act of discrimination to file a charge with the EEOC. *See Kirkland v. Big Lots Store, Inc.*, 547 Fed. Appx. 570, 572 (5th Cir. 2013) (a 300-day limitations period applies to employment discrimination claims brought in deferral states); *Windhauser v. Bd. of Supervisors for La. State Univ. & Agr. & Mech. Coll.*, 360 F. App'x 562, 566 (5th Cir. 2010) (Louisiana is a deferral state).

1 The case AmeriGas cites on this issue does not warrant a different result. In *Jones v. City of Dallas, Texas*, the court concluded that the plaintiff failed to exhaust her administrative remedies because her administrative charge lacked any "facts regarding her disability, her requested accommodation, or when she requested an accommodation." No. 3:22-CV-1477-L, 2024 WL 3207030, at *5 (N.D. Tex. June 6, 2024), *report and recommendation adopted sub nom. Jones v. City of Dallas*, No. 3:22-CV-1477-L, 2024 WL 3718064 (N.D. Tex. Aug. 7, 2024), *aff'd sub nom. Jones v. City of Dallas, Texas*, No. 24-10803, 2025 WL 2491127 (5th Cir. Aug. 29, 2025). Walker's Charge, by contrast, includes a description of his requested accommodation, offering insight into the nature of his disability. R. Doc. 7-5 at 1.

Walker filed his EEOC Complaint on April 11, 2024, making June 16, 2023, the cutoff for timely claims. Conduct predating that date, while not independently actionable, may nonetheless be considered as background evidence supporting Walker's timely claims. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).[2]

**C. ADA Discrimination: Failure to Reasonably Accommodate**

Walker avers that AmeriGas discriminated against him in violation of the ADA when it failed to reasonably accommodate his disability. R. Doc. 10 at 7. The ADA requires employers to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business . . ." 42 U.S.C. § 12112(b)(5)(A). Generally, each denial of a reasonable accommodation request gives rise to a separate cause of action subject to its own exhaustion requirement and limitations period. *Henson v. Bell Helicopter Textron, Inc.*, 128 F. App'x 387, 391 (5th Cir. 2005) (per curium) (characterizing requests for different accommodations as "discrete acts" with their own limitations period); *Drake v. Spring Indep. Sch. Dist.*, No. 20-20376, 2021 WL 3176081, at *4 (S.D. Tex. July 27, 2021) (exhaustion of one failure to accommodate incident did not exhaust a request for a different form of accommodation); *Henderson v. City of Dallas*, No. 3:16-cv-3317-S, 2018 WL 4326936, at *10 (N.D. Tex. Sept. 10, 2018) (same); *Frankola v. La. State Univ. Sch. of Med.*, No. CV 15-5933, 2017 WL 372520, at *3 (E.D. La. Jan. 26, 2017) (same); *Windhauser*, 360 F. App'x at 566 (two requests for the same accommodation occurring roughly six years apart must be independently exhausted). As an

2 Contrary to Walker's suggestion, continuing violation doctrine does not apply to retaliation or reasonable accommodations claims, *see Henson v. Bell Helicopter Textron, Inc.*, 128 Fed. Appx. 387, 391 (5th Cir. Apr. 8, 2005); *Hamic v. Harris Cnty. W.C. & I.D. No. 36*, 184 F. App'x 442, 447 (5th Cir. 2006), and Walker cites no authority extending it to interference claims.

exception, however, a new request for the same accommodation made shortly after the first, or a request that an employer reconsider its prior denial, is treated as a single reasonable accommodation claim. *Del. State Coll. v. Ricks*, 449 U.S. 250, 261 n. 15 (1980) ("Mere requests to reconsider [] cannot extend the limitations periods applicable to the civil rights laws"); *see also Das v. Am. Airlines, Inc.*, No. 4:19-CV-870-A, 2020 WL 364264, at *3 (N.D. Tex. Jan. 21, 2020) ("Although denials of distinct accommodation requests constitute discrete acts with their own limitations periods, an employer standing by a prior denial after an employee requests reconsideration neither constitutes a discrete act nor extends the filing period."); *Smithson v. Union Pac. R.R. Co.*, 602 F. Supp. 3d 974, 982 (W.D. Tex. 2022) ("[S]tanding by a prior denial after an employee requests reconsideration neither constitutes a discrete act nor extends the filing period."); *Profit v. Klein Indep. Sch. Dist.*, No. H-14-0850, 2015 WL 3866720, at *9–10 (S.D. Tex. June 23, 2015) (finding an employee's second request for the same accommodation did not extend the limitations period).

Walker alleges that AmeriGas approved his initial request, then failed to honor it. R. Doc. 3–4. Shortly thereafter, Walker requested the same accommodation, and AmeriGas denied it. R. Doc. 5. Although Walker made at least two formal accommodation requests, these requests constitute a single act of discrimination, not two separate ones. The second request sought the same accommodation as the first, came just months later, and represented a continuation of the same ongoing denial that began with AmeriGas first disregarded the approved accommodation. Accordingly, the Court construes the denial of these requests as a one claim with a single exhaustion requirement and limitations period.

**1. Limitations Period: Failure to Reasonably Accommodate**

The limitations period for an employment discrimination claim ordinarily begins when the discriminatory act occurred. *McCollum v. Puckett Mach. Co*., 628 F. App'x 225, 229 (5th Cir. 2015). For reasonable accommodation claims, the discriminatory act occurs when the employer denies the requested accommodation or violates a previously approved accommodation request. *See Windhauser*, 360 F. App'x at 566; *Vadie v. Miss. State Univ.*, 218 F.3d 365, 371 (5th Cir. 2000).

The Complaint does not state the date on which AmeriGas allegedly began violating Walker's accommodation by directing him to complete deliveries over the Mississippi River Bridge in contravention of his accommodation. If the earliest violation occurred before June 16, 2023, Walker's reasonable accommodation claim is untimely. Accordingly, the Walker is directed to amend his Complaint to clarify this detail.

**2. Failure to Exhaust Administrative Remedies**

Assuming Walker's reasonable accommodation claim is otherwise timely, Walker has exhausted this claim. His EEOC Charge expressly states that he has a disability, made an accommodation request for his condition, and AmeriGas denied this request. R. Doc. 7-5 at 1. A reasonable accommodation claim would naturally arise out of this Charge.

**3. Failure to State a Claim**

Walker has plausibly plead an accommodation claim. A failure to accommodate claim consists of three elements: "(1) the plaintiff is a qualified individual with a disability;" "(2) the disability and its consequential limitations were known by the covered employer;" and "(3) the employer failed to make reasonable accommodations for such known limitations." *Strife*, 138 F.4th at 245. Walker had acrophobia, a condition that limited "one or more major life activities," 42 U.S.C. § 12102(1)(A) ("The term 'disability' means . . . a physical or mental impairment that

substantially limits one or more major life activities of [an] individual . . ."), Walker made the limitations of his disability known to AmeriGas when requesting an accommodation, R. Doc. 1 at 3–4, and AmeriGas denied Walker's accommodation request. *Id.* at 4–5. The Complaint further asserts, and AmeriGas does not dispute, that Walker's accommodation was reasonable. The Court accepts this assertion as true for the purpose of resolving the instant motion. The Court makes no decision, however, as to whether the accommodation at issue truly is reasonable, since it depends on facts to be discovered during the discovery phase of this litigation. The issue will undoubtedly focus on the route required of truck drivers under the employ of AmeriGas, considering the geography of New Orleans and the fact that one needs to cross a bridge to exist the city from any direction. In all likelihood, the Court will revisit this issue in a subsequent motion.

**D. Discrimination Claim: Disparate Treatment**

Walker asserts another discrimination claim under a disparate treatment theory of liability, contending that AmeriGas constructively terminated him because of his disability. R. Doc. 10 at 13.[3] "Disparate-treatment discrimination addresses employment actions that treat an employee worse than others based on the employee's [protected characteristic]." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019). "In such disparate-treatment cases, proof and finding of discriminatory motive is required." *Id.*

**1. Failure to Exhaust Administrative Remedies**

[3] Several courts outside this Circuit have recognized a disparate treatment claim where an employer's failure to provide reasonable accommodation results in the employee's termination. *See, e.g., Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139 (9th Cir. 2001) (noting that disparate treatment and failure to accommodate claims "are, from a practical standpoint, the same" when an employer's failure to make reasonable accommodations leads to unlawful termination); *Braa v. Costco Wholesale Corp.*, No. 6:21-CV-00684-MC, 2023 WL 5039912, at *8 (D. Or. Aug. 8, 2023) ("[W]here the employer has allegedly failed to accommodate an employee and that failure to accommodate led to the employee's eventual termination, the two claims rise and fall together."). If Walker intends to assert a disparate treatment claim under this theory of liability, he needs to clarify this when amending his Complaint.

Walker's Charge lays out the circumstances surrounding his constructive termination and accuses AmeriGas of discriminating against him based on his disability. R. Doc. 7-5 at 1–2. It does not allege that the key decisionmakers harbored disability-related animus. Nevertheless, an investigation into the circumstances surrounding a termination would examine whether discriminatory motive was involved, and if such motive was discovered, a disparate treatment claim would naturally grow from this Charge.

**2. Failure to State a Claim**

To state a plausible disparate treatment claim, a plaintiff must plead: (1) an adverse employment action, and (2) taken against them because of a protected characteristic. *Cicalese*, 924 F.3d at 767. A plaintiff need not plead direct evidence of discrimination. *Id.* at 767–86. Nor is a plaintiff required to make out a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework or identify a similarly situated comparator at the pleading stage. *Id.* at 767. A plaintiff must, however, allege enough facts, whether through comparator allegations, direct statements of discriminatory animus, statistical patterns, or other circumstantial indicators, to "nudge the discrimination claim across the line from conceivable to plausible." *Id.* at 768; *see also Raj v. La. State Univ*., 714 F.3d 322, 331 (5th Cir. 2013)

Walker's Complaint does not allege any facts, either direct or circumstantial, that would suggest his termination was based on his identity as an individual with a disability, rather than his need for an accommodation. As such, Walker has failed to state a claim for disparate treatment. There is no indication, however, that amendment would be futile. Accordingly, the Court will grant Walker leave to amend to rectify this deficiency, to the extent he is able.

**E. ADA Retaliation**

**1. Failure to Exhaust Administrative Remedies**

Walker claims that AmeriGas retaliated against him for his accommodation requests when it gave him an ultimatum to resume full duties or resign. R. Doc. 10 at 8. Retaliation under the ADA occurs when an employer takes a materially adverse action against an employee because of the employee's engagement in a protected activity. *See Strife*, 138 F.4th at 249. Walker's Charge states that Walker made an accommodation request, AmeriGas denied this request, and that sometime thereafter AmeriGas required Walker "to return to work full duty or resign." R. Doc. 7-3 at 1. An accommodation request is a protected activity under the ADA. *Tabatchnik v. Cont'l Airlines*, 262 Fed. Appx. 674, 676 (5th Cir. 2008) (per curiam) ("It is undisputed that making a request for a reasonable accommodation under the ADA may constitute engaging in a protected activity."). A full-duty-or-resign ultimatum is an adverse employment action. *See Strife*, 138 F.4th at 249. And while the Charge does not expressly link the two, a reasonable investigator would inquire into the reason for the ultimatum, and in doing so, would uncover its retaliatory nature, if any. Because a retaliation claim would reasonably fall within the scope of the EEOC's investigation, Walker has exhausted this claim.[4]

**2. Failure to State a Claim**

[4] AmeriGas maintains that Walker has failed to exhaust his retaliation claim because he neglected to check a box marked "retaliation" on his Charge form. R. Doc. 7-1 at 13–14. There is no document filed into the record showing a charge form with a checkbox. Even if there was, Walker's failure to check a "retaliation" box on his Charge would not render this claim unexhausted. Courts routinely find that a plaintiff has exhausted their administrative remedies despite failing to check the appropriate box on their administrative form. *Stewart v. Smitty's Supply, Inc.*, No. CV 18-10058, 2020 WL 433362, at *7 (E.D. La. Jan. 28, 2020) ("[F]ailure to check a certain box on the Charge of Discrimination form does not necessarily merit dismissal of a claim for failure to exhaust administrative remedies."); *Rivera v. State of Louisiana*, No. CIV.A. 04-3327, 2006 WL 901826, at *4 (E.D. La. Mar. 31, 2006) (plaintiff exhausted her Title VII claim even though she did not check off the box for discrimination based on "race"); *Sudduth v. Tex. Health & Hum. Servs. Comm'n*, No. A-13-CA-918-SS, 2014 WL 2858234 (W.D. Tex. June 23, 2014) (plaintiff exhausted their administrative remedies despite failing to check the appropriate box); *see also Miller v. Sw. Bell Tel. Co.*, 51 F. App'x 928 (5th Cir. 2002) (plaintiff failed to exhaust their claims *not solely* because they failed to check the appropriate box on their administrative form, but because their narrative explanation lacked the kind of detail that would trigger an investigation into their claims). The exhaustion analysis turns primarily on the text of a change, not compliance with formalities. *See Pacheco*, 448 F.3d at 792 ("[W]e do not require that a Title VII plaintiff check a certain box or recite a certain incantation to exhaust his or her administrative remedies before the proper agency."). And, in the Court's view, Walker's narrative explanation is sufficient on its own.

A plaintiff is required to plead three elements to state a retaliation claim: "(1) engagement in an activity protected by the ADA, (2) an adverse employment action, and (3) a causal connection between the protected activity and the adverse action." *Strife*, 138 F.4th at 249. Walker's Complaint identifies his termination as the adverse employment action, and his "continuing request for accommodations" as his protected activity. R. Doc. 1 at 7. Causation may be inferred from a "close temporal proximity" between the adverse action and the protected activity. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 171 (5th Cir.2014) (citation omitted). Walker's final accommodation request occurred in the month prior to his discharge. This temporal proximity is enough, at the motion to dismiss stage, to allow Walker's retaliation claim to proceed. *See Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 306 (5th Cir. 2020) ("The one-week temporal proximity between filing the level one grievance and [the adverse employment action] is sufficient evidence of causality."), *with Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 885 (5th Cir. 2020) ("[T]wo and one-half months between the protected activity and the adverse employment decision, standing alone, is not within the "very close" proximity that is necessary to establish causation"). Additional details, such as the identity of the AmeriGas employees who initiated the full-duty-or-resign ultimatum are unnecessary. *Twombly*, 550 U.S. at 545 ("detailed factual allegations" are not required).

**F. ADA Interference**

**1. Failure to Exhaust Administrative Remedies**

An employer violates the ADA's anti-interference provision when it "coerce[s], intimidate[s], threaten[s], or interfere[s] with any individual in the exercise or enjoyment of" their ADA rights or "coerce[s], intimidate[s], threaten[s], or interfere[s] with any individual *on account of* his or her having exercised" or "having aided or encouraged" another to exercise their ADA

rights. 42 U.S.C. § 12203(b); 29 C.F.R § 1630.12. The Fifth Circuit has identified at least three elements required to sustain an inference claim: "(1) coercion, intimidation, threats, or interference toward an individual, (2) on the basis of that individual's exercise or enjoyment, or having exercised or enjoyed, or aiding or encouraging others in exercising or enjoying, (3) any right protected under the ADA." *Strife*, 138 F.4th at 251.

Walker's Charge raises two forms of interference. First, the Charge states that AmeriGas told Walker to resume working without an accommodation or resign. R. Doc. 7-5 at 2. The EEOC has recognized conduct of this kind as a form of unlawful interference. *See* Equal Emp. Opportunity Cmm'n, *Enforcement Guidance on Relation and Related Issues* (August 25, 2016), https://www.eeoc.gov/laws/guidance/enforcement-guidance-retaliation-and-related-issues#_ftnref177 (identifying as an example of inference a "manager threaten[ing] employee with adverse action if she does not forgo accommodation previously granted"). A reasonable investigator would flag the full-duty-or-resign ultimatum as a potential threat to the Walker's right to a reasonable accommodation, and a form of interference warranting further investigation.

Second, the Charge alleges that AmeriGas constantly asked for updates on Walker's condition and required repeated doctor's visits. R. Doc. 7-5 at 1. While an employer is generally permitted to request medical documentation sufficient to establish that an employee has a disability and needs an accommodation, *see Strife*, 138 F.4th at 251–52 (schools district's continued request for documentation and an independent medical evaluation did not constitute interference because the district had legitime, non-discriminatory reasons for the requests), repeated, overbroad, or unnecessary medical documentation requests that coerce or discourage employees from seeking accommodations may constitute unlawful interference. *See Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council Inc.*, 896 F. Supp. 2d 849, 873 (N.D. Cal. 2012). AmeriGas's requests for

"constant" updates would raise, in a reasonable investigator's mind, the potential for this type of unlawful interference.

**2. Failure to State a Claim**

Walker's Complaint plausibly alleges interference for largely the same reasons. The Complaint avers that AmeriGas instructed Walker to forgo his accommodation or resign. R. Doc. 1 at 6. It further alleges that AmeriGas management of incessantly "harassed" him for updates on his condition, R. Doc. 1 at 3–4, and demanded updated medical information and a renewed accommodation request despite previously "verifying his current restrictions" and receiving the same accommodation request some months earlier. *Id.* at 4. Accepted as true, these allegations, at least at the pleading stage of this litigation, give rise to a plausible interference claim.

**G. Motion for a More Definite Statement**

As an alternative to dismissal, AmeriGas asks the Court to order Walker to re-plead his causes of action. AmeriGas notes several deficiencies with the Complaint, including its failure to identify the legal theories supporting Walker's discrimination claim and a puzzling statement about AmeriGas "retaliate[ing] against [Walker] for seeking to permit him to seek leave." Under Fed. R. Civ. Pro. 12(e), a party may move for a more definite statement when a pleading to which a responsive pleading is allowed "is so vague and ambiguous" that it "fails to specify the allegations in a manner that provides sufficient notice." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

In the Court's view, the Complaint provides AmeriGas with adequate notice of the claims against it. The Complaint expressly asserts discrimination, retaliation and interference claims, and sets forth a coherent account of the facts. The shortcomings AmeriGas identifies are more appropriately rectified by amendment rather than a more definite statement. Accordingly, Walker

is instructed to amend his Complaint to state legal theories underlying his discrimination claim and either clarify or omit his statement concerning AmeriGas "retaliate[ing] against [Walker] for seeking to permit him to seek leave."

## V. CONCLUSION

Considering the foregoing;

**IT IS ORDERED** that Defendant's Motion to Dismiss and Motion for a More Definite Statement, R. Doc. 7, is **DENIED**.

**IT IS FURTHER ORDERED** that, no later than September 14, 2026, Plaintiff **AMEND** his Complaint in accordance with this Order.

New Orleans, Louisiana, this 8th day of September, 2026.

THE HONORABLE ELDON E. FALLON