**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES D. WALKER** **Plaintiff** | **CIVIL ACTION NO.: 2:26-cv-00726-EEF-DPC** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **AMERIGAS PROPANE, L.P.** **Defendant** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(b)(6) MOTION FOR PARTIAL DISMISSAL OF AMENDED COMPLAINT**

This Motion is narrow. On September 8, 2026, the Court issued an Order & Reasons on AmeriGas Propane, L.P.'s ("AmeriGas" or "Defendant") Rule 12(b)(6) Motion to Dismiss. (Rec. Doc. 7). Therein, the Court ordered Plaintiff Charles D. Walker ("Walker" or "Plaintiff") to amend his Complaint because of a clear deficiency in Plaintiff's Americans with Disabilities Act ("ADA") reasonable accommodation claim: Plaintiff failed to allege the specific date on which he contends AmeriGas first violated his ADA accommodation rights. The Court explained that if Plaintiff's ADA accommodation claim concerns conduct occurring before June 16, 2023, his claim is untimely and should be dismissed. The Court ordered Plaintiff to amend his Complaint to "clarify this detail[.]" (Rec. Doc. 16).

The Court also granted leave for Plaintiff to amend his disparate treatment claim because Plaintiff failed to allege any facts suggesting his termination was based on his identity as a person with a disability, rather than his need for an accommodation. The Court granted Plaintiff leave to amend to "rectify this deficiency, to the extent he is able." (Rec. Doc. 16).

Plaintiff filed an Amended Complaint on September 14, 2026, but cured neither deficiency. Instead, Plaintiff's Amended Complaint alleges only that the first violation occurred "[i]n or about late June 2023," which neither clarifies the actual date of the violation nor affirmatively alleges

such violation occurred *after* June 16, 2023. Plaintiff's vague and ambiguous allegation is an intentional equivocation that still leaves the Court and Defendant unable to determine whether Plaintiff's ADA accommodation claim is timely and thus plausible. Further, the disparate treatment claim in the Amended Complaint continues to conflate Plaintiff's need for an accommodation with discrimination based on his disability status, adding only conclusory inferences that do not nudge the claim from conceivable to plausible.

Plaintiff ignored the Court's clear direction to try to salvage an untimely claim and failed to add sufficient factual allegations to save another. The Court should accordingly dismiss both Plaintiff's ADA failure-to-accommodate and disparate treatment claims with prejudice, and reject any request for additional amendment as futile.

## Relevant Procedural History

On April 7, 2026, Plaintiff filed his Complaint alleging claims for ADA discrimination, retaliation, and interference. (Rec. Doc. 1). On June 26, 2026, Defendant filed a Rule 12(b)(6) Motion to Dismiss and/or Rule 12(e) Motion for More Definite Statement. (Rec. Doc. 7). On September 8, 2026, the Court issued an Order and Reasons denying the motion but ordering Plaintiff to amend his Complaint by September 14, 2026. (Rec. Doc. 16). Plaintiff filed his Amended Complaint on September 14, 2026. (Rec. Doc. 17).

## Legal Standard

The legal standard governing motions to dismiss under Rule 12(b)(6) was set forth in detail in Defendant's original Memorandum in Support, Rec. Doc. 7-1. Defendant incorporates that discussion by reference. In brief, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## Argument

### A. The Court Ordered Plaintiff to Amend His Complaint to Allege a Certain Date for his ADA Accommodation Claim.

In Louisiana, an employee has 300 days from an alleged act of discrimination to file an EEOC Charge. (Rec. Doc. 16, p. 6). A plaintiff who fails to timely file an EEOC Charge cannot pursue the claim in court. *See e.g., Julian v. City of Houston*, 314 F.3d 721, 725–726 (5th Cir. 2002); *Smith v. Potter*, 400 Fed.Appx. 806, 811 (5th Cir. 2010).

In its Order & Reasons, the Court rejected Plaintiff's argument that the continuing violation doctrine applies to retaliation or reasonable accommodations claims, and found "Walker filed his EEOC Complaint on April 11, 2024, making June 16, 2023, the cutoff for timely [ADA failure to accommodate] claims." (Rec. Doc. 16, p. 7). The Court further held the "Complaint does not state the date on which AmeriGas allegedly began violating Walker's accommodation by directing him to complete deliveries over the Mississippi River Bridge in contravention of his accommodation. If the earliest violation occurred before June 16, 2023, Walker's reasonable accommodation claim is untimely." *Id.* at p. 9.

Accordingly, the Court ordered Walker to amend his complaint to allege the date AmeriGas directed Plaintiff to complete deliveries over the Mississippi River Bridge, because for reasonable accommodation claims, the discriminatory act "occurs when the employer denies the requested accommodation or violates a previously approved accommodation request." *Id.* at 9. (citing *Windhauser v. Bd. of Supervisors for La. State Univ. & Agr. & Mech. Coll*., 360 F. App'x 562, 566 (5th Cir. 2010).

And since Walker's second accommodation request concerned the same accommodation as the first, was close in time, and concerned the same alleged ongoing denial, Plaintiff's ADA reasonable accommodation claim constitutes a single claim with a single limitations period. *See* Doc. 16, pp. 7-8; *see also Smithson v. Union Pac. R.R. Co.*, 602 F. Supp. 3d 974, 982 (W.D. Tex. 2022) ("[S]tanding by a prior denial after an employee requests reconsideration neither constitutes a discrete act nor extends the filing period.").

The foregoing results in the Court's conclusion: If AmeriGas withdrew Plaintiff's accommodation and required him to drive over the Mississippi Bridge before June 16, 2023, Plaintiff waited too long to file his EEOC Charge, and the Court must dismiss his ADA failure to accommodate claim. Since Plaintiff did not allege the date on which AmeriGas directed him to drive over the bridge, the Court ordered Plaintiff "**to amend his Complaint to clarify this detail**." Doc. 16, p. 7 (emphasis added).

**B. The Amended Complaint Fails to Cure this Deficiency.**

To save his claim, the Court found Plaintiff must allege the earliest ADA accommodation violation occurred *after* June 16, 2023. He could not – or would not – do so. Instead, Plaintiff alleges vaguely: "In or about late June 2023, Defendant first violated the previously approved accommodation when Defendant directed Plaintiff to make deliveries across the Mississippi River bridge." Rec. Doc. 17, ¶ 27.

First, the qualifier "in or about" is a hedge. Rather than alleging a specific date, Plaintiff relies on an approximation that appears designed to avoid the timeliness issue. The alleged timeframe includes dates both before and after June 16, 2023 – the date the Court identified as dispositive. Second, "late June" is itself imprecise. When combined with "in or about," the relevant date remains unclear.

Third, and most critically, the Court did not ask Plaintiff to approximate. It ordered Plaintiff to clarify the date of the earliest alleged violation so the Court could determine timeliness. Plaintiff failed to do so. The Amended Complaint's use of "[i]n or about late June 2023" leaves the Court, and Defendant, in precisely the same position it was in before the amendment: unable to determine whether the earliest accommodation violation occurred before or after June 16, 2023. Since Plaintiff failed to plausibly plead the earliest date on which AmeriGas violated his accommodation rights, he has failed to plausibly plead a timely ADA accommodation claim, and the Court must dismiss it.

**C. Plaintiff's Amended Disparate Treatment Claim Still Fails to State a Claim.**

In addition to the timeliness deficiency in the original Complaint, the Court found Plaintiff failed to state a claim for disparate treatment because his "Complaint does not allege any facts, either direct or circumstantial, that would suggest his termination was based on his identity as an individual with a disability, rather than his need for an accommodation." Rec. Doc. 16 at p. 11. The Court granted Plaintiff leave to amend "to rectify this deficiency, to the extent he is able." Id.

The Court cited to *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019) to explain that to state a plausible disparate treatment claim, a plaintiff must allege "(1) an adverse employment action, and (2) taken against them *because of a protected characteristic*." *Id.* (emphasis added). "While a plaintiff need not plead direct evidence of discrimination or make out a prima facie case at the pleading stage, he must allege enough facts—'whether through comparator allegations, direct statements of discriminatory animus, statistical patterns, or other circumstantial indicators'—to 'nudge the discrimination claim across the line from conceivable to plausible.'" *Id.* (quoting *Cicalese* and citing *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir.

2013)). The Court found Plaintiff's original Complaint failed to meet this standard. Plaintiff's Amended Complaint fares no better.

The Amended Complaint's new disparate treatment allegations remain tethered to the accommodation claim, rather than to Plaintiff's *identity as a person with a disability*. Indeed, Count Two now alleges Defendant "subjected Plaintiff to an adverse employment action when it terminated and/or deemed him resigned immediately after he reaffirmed that his disability remained and prevented him from returning to full duties without the accommodation." Doc 17, ¶ 83.

This Court already found allegations like the foregoing insufficient because it is an allegation that AmeriGas terminated Plaintiff because he could not work without an accommodation, not because of his disability. The Amended Complaint itself makes this point clear: Plaintiff alleges he was terminated because he "could not return to full duties" without the high-bridge accommodation. Doc 17, ¶ 49. That is an accommodation claim, not a disparate treatment claim.

The remaining new allegations do not fill the gap. The Amended Complaint alleges that "Tyson prais[ed] Plaintiff as a good worker while nevertheless ending his employment after he reaffirmed his continuing disability" and that the "timing and circumstances" of the termination "support a plausible inference" of discrimination. Doc 17, ¶ 84. These are legal conclusions, not facts. That a supervisor acknowledged an employee's good work while enforcing a business decision is not evidence of discriminatory animus. If anything, these allegations suggest the opposite. And bare assertions that "timing and circumstances" support an inference of discrimination are exactly the kind of "formulaic recitation" the Supreme Court rejected in *Twombly* and *Iqbal*. *See Iqbal*, 556 U.S. at 678.

Indeed, the Amended Complaint's "alternative" disparate treatment theory expressly concedes the point. Plaintiff alleges "Defendant's failure to accommodate led directly to his termination because Defendant required him to abandon the accommodation and return to full duty as a condition of continued employment." Doc 17, ¶¶ 64 and 85. This is, by its own terms, an accommodation theory dressed in disparate treatment clothing.

What remains absent from the Amended Complaint are the facts the Court told Plaintiff he needed to allege: facts suggesting discriminatory motive based on disability status. The Amended Complaint contains no comparator allegations or any facts suggesting AmeriGas treated similarly situated non-disabled employees more favorably. There are no direct statements of discriminatory animus, or allegations of statistical patterns. And the circumstantial indicators Plaintiff offers – temporal proximity and a complimentary remark – suggest, at most, that AmeriGas terminated Plaintiff because he could not perform the job without an accommodation, which is already the subject of Plaintiff's separate and distinct reasonable accommodation claim. These circumstantial allegations are insufficient to support a disparate treatment claim based on Plaintiff's identity as a person with a disability.

Because Plaintiff has now had two opportunities to plead a disparate treatment claim and has failed both times to allege facts sufficient to "nudge" the claim "across the line from conceivable to plausible," the claim should be dismissed with prejudice.

**C. Further Amendment Would Be Futile.**

"[I]t is within the court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000) Amendment is futile if the court finds "the amended complaint would fail to state a claim upon which relief could be granted" *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016)(internal citations omitted).

"Leave to amend is not automatic[.]" *North Cypress Medical Center Operating Co., Ltd. V. Aetna Life Insurance Co.,* 898 F.3d 461, 477 (5th Cir. 2018). However, a district court needs "substantial reason" to deny leave to amend. *Id.* "'[A] movant [seeking to cure a defective pleading] must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects.'" *Brooks v. PHH Mortg. Corp.,* No. CV H-26-3911, 2026 WL 1896221, at *3 (S.D. Tex. July 1, 2026) (quoting *D.L. Markham DDS, MSP, Inc. 401(K) Plan v. Variable Annuity Life Insurance Co.*, 88 F.4th 602, 613-14 (5th Cir. 2023).

Here, the Court literally put *Plaintiff* on notice of the precise deficiencies in his Complaint and presented Plaintiff a clear opportunity to cure those deficiencies. Plaintiff, who is the master of his complaint and is in the best position to know the dates and facts about his claims, failed to cure the deficiencies. His inability or unwillingness to plead a specific date after being expressly directed to do so strongly suggests the alleged violation occurred before June 16, 2023, rendering the claim untimely. And his failure to plead facts plausibly alleging his termination was because of his disability leads to the only conclusion that there are no such facts to plead.

Plaintiff should not be given a third bite at the apple. The Court has substantial reason to deny further leave to amend; the alternative would reward Plaintiff's failure to comply with this Court's Order. The ADA failure-to-accommodate and disparate treatment claims should be dismissed with prejudice.

## **Conclusion**

For the foregoing reasons, Defendant respectfully urges the Court to dismiss Plaintiff's ADA failure-to-accommodate and disparate treatment claims with prejudice pursuant to Rule 12(b)(6).

Respectfully submitted,

*/s/ Sara Grace Sirera*

Hal D. Ungar, La. Bar No. 31344
Sara Grace Sirera, La. Bar No. 38405
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504.648.3840
Facsimile: 504.648.3859
Email: hal.ungar@ogletreedeakins.com
sara.sirera@ogletreedeakins.com

*Attorneys for Defendant, AmeriGas Propane, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record via the Court's Electronic Filing System.

This 28th day of September, 2026.

*/s/ Sara Grace Sirera*
SARA GRACE SIRERA