**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CHARLES D. WALKER** <br> **Plaintiff** | **CIVIL ACTION NO.: 2:26-cv-00726-EEF-DPC** |
| **VERSUS** | **JUDGE ELDON E. FALLON** |
| **AMERIGAS PROPANE, L.P.** <br> **Defendant** | **MAGISTRATE JUDGE** <br> **DONNA PHILLIPS CURRAULT** |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS**

Defendant AmeriGas Propane, L.P. ("AmeriGas") submit this memorandum in opposition to Plaintiff Charles D. Walker's ("Plaintiff") Motion for Extension of Time to file an untimely opposition to AmeriGas' pending Rule 12(b)(6) Motion for Partial Dismissal. This is Plaintiff's second request to file an untimely opposition to a pending Rule 12 motion to dismiss. Instead of seeking leave to file an untimely opposition to AmeriGas' Motion (and attaching that proposed opposition for the Court's review), Plaintiff seeks a 2-week extension of his missed deadline to accommodate the international travel of an attorney who is not enrolled in this case. Plaintiff's Motion should be denied because he has failed to articulate good cause by showing that he failed to act because of excusable neglect to meet the October 6, 2026 deadline for his opposition as set forth below:

1. On April 7, 2026, Plaintiff filed the first iteration of his Complaint.[1]
2. On June 26, 2026, AmeriGas filed a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and noticed this motion for submission on August 19, 2026.[2]
3. Plaintiff's deadline to oppose AmeriGas' Rule 12(6)(6) Motion was August 11, 2026.

---

[1] R. Doc. 1.
[2] R. Doc. 7.

4. On August 14, 2026, Plaintiff failed to timely oppose AmeriGas' Rule 12(6)(6) Motion, the Court asked Plaintiff's counsel of record, David Moyer, whether Plaintiff intended to file an opposition and directed him to move for leave to do so.[3]

5. Thereafter, AmeriGas' counsel received an email from Emanuel Kataev, who is not enrolled in this matter, asking AmeriGas to consent to a 14-day extension from August 14, 2026 to submit Plaintiff's opposition to AmeriGas' Rule 12(6)(6) Motion.[4]

6. AmeriGas rejected Mr. Kataev's request, noted that the Court directed Plaintiff to file a motion for leave because Plaintiff missed the deadline, and advised that AmeriGas would review the motion and respond, if required.[5]

7. On August 17, 2026 Plaintiff filed a motion for leave to file opposition out of time, which this Court granted on August 18, 2026.[6]

8. On August 17, 2026, Plaintiff filed a deficient motion to enroll Emanuel Kataev pro hac vice.[7] The Court ordered Plaintiff to remedy the deficiencies by August 25, 2026.

9. On August 21, 2026, Plaintiff filed another deficient motion to enroll Emanuel Kataev pro hac vice.[8] The Court ordered Plaintiff to remedy the deficiencies by August 31, 2026. Plaintiff did not do so. As a result, Mr. Kataev is not presently counsel of record in this matter.

10. On September 8, 2026, the Court ruled on AmeriGas' Rule 12(b)(6) Motion and ordered Plaintiff to amend his Complaint by September 14, 2026 to cure the deficiencies set forth in the Court's Order.[9]

---

[3] *See* Exhibit A, August 14-17 email correspondence.
[4] Exhibit A.
[5] Exhibit A.
[6] R. Docs. 9, 11.
[7] R. Doc. 8.
[8] R. Doc. 14.
[9] R. Doc. 16.

11. On September 14, 2026, Plaintiff filed an Amended Complaint.[10]

12. On September 28, 2026, AmeriGas filed a Rule 12(b)(6) Motion for Partial Dismissal and noticed this motion for submission on October 14, 2026, pursuant to Local Rule 7.2.[11]

13. Plaintiff's deadline to oppose AmeriGas' Rule 12(6)(6) Motion for Partial Dismissal was October 6, 2026.

14. Plaintiff failed to timely oppose.

15. On October 7, 2026, after the opposition deadline expired, counsel for AmeriGas received an email on behalf of Mr. Kataev, informing that Mr. Kataev's office "plans to file a request for extension of time" to oppose AmeriGas' motion because Mr. Kataev was traveling overseas.[12] Plaintiff's counsel of record, Mr. Moyer, was not copied on this correspondence.

16. Counsel for AmeriGas responded, copying Mr. Moyer, rejecting this request and advising Plaintiff to file his motion as "opposed," inform the court AmeriGas intended to file an opposition, and notice it for submission so that AmeriGas could do so.[13]

17. On October 8, 2026, despite AmeriGas' stated opposition, Plaintiff filed an "*Ex Parte* Motion for Extension of Time to File Opposition" and failed to notice this motion for submission.[14]

18. Plaintiff has failed to articulate good cause to file another untimely opposition.

19. Indeed, on September 28, 2026 Plaintiff's counsel of record, Mr. Moyer, received

---

[10] R. Doc. 17.
[11] R. Doc. 18.
[12] *See* Exhibit B, October 7, 2026 email correspondence.
[13] Exhibit B.
[14] R. Doc. 19.

notice of AmeriGas' pending Rule 12(6)(6) Motion for Partial Dismissal via the Court's ECF filing system. Plaintiff's counsel became aware, on September 28, that Plaintiff's opposition was due on October 6, 2026.

20. Only after Plaintiff missed his opposition deadline did AmeriGas receive a request to extend this deadline. This request did not come from Plaintiff's counsel of record.

21. Plaintiff's Motion states that Mr. Kataev, who is not counsel of record, is Plaintiff's "lead counsel" and is traveling out of the country from October 5-13, 2026.

22. Instead of seeking leave to file an untimely opposition (and attaching that proposed opposition for the Court's review), Plaintiff seeks a 2-week extension of his missed deadline to accommodate the international travel of an attorney who is not enrolled in this case.

23. Plaintiff received notice of AmeriGas' Rule 12(6)(6) Motion for Partial Dismissal and his opposition deadline seven (7) days before Mr. Kataev began his travels.

24. Plaintiff offers no explanation why Plaintiff's counsel of record, Mr. Moyer, failed to timely oppose or seek an extension of the opposition deadline prior to expiration of same.

25. Federal Rule of Civil Procedure 6(b) permits a court to extend a filing deadline "for good cause" after the time for filing has expired, "if the party failed to act because of excusable neglect."

26. Unexplained disregard of deadlines cannot constitute excusable neglect.

WHEREFORE, because Plaintiff has failed to meet the standard under Federal Rule of Civil Procedure 6(b) for an extension of an expired deadline, AmeriGas respectfully requests the Court deny Plaintiff's Motion.

Respectfully submitted,

*/s/ Sara Grace Sirera*
Hal D. Ungar, La. Bar No. 31344
Sara Grace Sirera, La. Bar No. 38405
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, LA 70139
Telephone: 504.648.3840
Facsimile: 504.648.3859
Email: hal.ungar@ogletreedeakins.com
sara.sirera@ogletreedeakins.com

*Attorneys for Defendant, AmeriGas Propane, L.P.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on all counsel of record via the Court's Electronic Filing System.

This 9th day of October 2026.

*/s/ Sara Grace Sirera*
SARA GRACE SIRERA